UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:23-CR- 00063-DCJ-CBW |
| | * | |
| VERSUS | * | 18 U.S.C. §§ 2, 371, 666, 981 |
| | * | 28 U.S.C. § 2461 |
| DUSTY GUIDRY | * | |

**BILL OF INFORMATION**

**THE UNITED STATES CHARGES:**

**AT ALL TIMES MATERIAL HEREIN:**

1. The defendant, DUSTY GUIDRY, was an agent of the District Attorney's Office of the 15th Judicial District, State of Louisiana, (hereinafter "District Attorney's Office") located within the Western District of Louisiana, acting as an agent for the Pre-Trial Diversion Program of the District Attorney's Office.

2. Beginning on or about February 7, 2017, and continuing until at least on or about December 10, 2021, GUIDRY was also the owner of a company called DJG Consulting. Beginning on or about August 29, 2019, and continuing until on or about November 28, 2022, Skyline Media was registered in the State of Louisiana.

3. Public Official #1 (PO-1) was an employee and agent of the District Attorney's Office.

4. Vendors #1, #2, #3, and #4 provided services to defendants authorized to participate in the Pre-Trial Diversion Program of the District Attorney's Office. The defendants were required to pay the vendors directly for such services.

5.  DUSTY GUIDRY, PO-1, and other agents of the Pre-Trial Diversion Program acting under the direction of DUSTY GUIDRY and/or PO-1 referred defendants into programs offered by Vendors #1, #2, #3, and #4.

6.  The District Attorney's Office was an agency of the State of Louisiana and received in excess of $10,000 annually in benefits under federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of assistance.

## COUNT 1
## CONSPIRACY TO COMMIT AN OFFENSE

### 18 U.S.C. § 371

**The Conspiracy**

7.  The introductory allegations set forth in paragraphs 1 through 6 are realleged and incorporated by reference as though fully set forth herein.

8.  Beginning on or about January 11, 2021, and continuing until on or about May 9, 2022, the defendant, DUSTY GUIDRY, did conspire, confederate, and agree with others both known and unknown to the United States, to commit the crime of solicitation of a bribe by an agent of a government agency receiving federal benefits, in violation of Title 18, United States Code, Section 666(a)(1)(B).

**Purpose of the Conspiracy**

9.  It was a purpose of the conspiracy for DUSTY GUIDRY and others to enrich themselves by soliciting and accepting money from Vendors #1, #2, #3, and #4, in exchange for providing and agreeing to provide favorable official action for Vendors #1, #2, #3, and #4 in the Vendors' business with the District Attorney's Office.

10. It was a further part of the conspiracy to hide, conceal, and cover up the nature and scope of the Vendors' dealings with DUSTY GUIDRY and PO-1, including the true source and nature of the payments Vendors #1, #2, #3, and #4 provided to DUSTY GUIDRY and PO-1.

**Manner and Means of the Conspiracy**

11. The conspiracy was carried out through the following manner and means, among others:

12. DUSTY GUIDRY and PO-1 used their positions within the Pre-Trial Diversion Program of the District Attorney's Office to facilitate criminal defendants' entry into the Pre-Trial Diversion Program.

13. In order to expand the number of defendants eligible for Pre-Trial Diversion programs, DUSTY GUIDRY and PO-1 loosened and caused to be loosened the eligibility requirements of defendants, thereby increasing the amount of money paid to the Vendors by defendants. These Vendors then split those increased profits and/or made payments to DUSTY GUIDRY, PO-1, and their co-conspirators.

14. Once defendants were admitted to the program, DUSTY GUIDRY and PO-1 used their positions within the Pre-Trial Diversion Program of the District Attorney's Office to direct criminal defendants' assignment to certain classes and services provided by Vendors #1, #2, #3, and #4.

15. Once the defendants completed the Pre-Trial Diversion requirements assigned to them, DUSTY GUIDRY and/or PO-1 would cause or direct the dismissal of the defendants' charges.

16. In exchange for DUSTY GUIDRY and/or PO-1 having defendants assigned to their programs, Vendors #1 through #4 agreed to and did make payments directly to DUSTY GUIDRY, either in his personal capacity or through his company DJG Consulting or Skyline Media. Vendors #1 and #3 also agreed to and did provide money and other tangible benefits to DUSTY GUIDRY and PO-1 in exchange for the official acts that DUSTY GUIDRY and PO-1 took at the District Attorney's Office.

**Overt Acts**

17. In furtherance of the conspiracy and to effect the objects of the conspiracy, DUSTY GUIDRY and one or more of the conspirators committed and caused to be committed the acts alleged in Count 2 of this Bill of Information, among others, in the Western District of Louisiana, which substantive acts are incorporated by reference as overt acts.

18. Also in furtherance of the conspiracy and to effect its objects, DUSTY GUIDRY agreed to accept payments and things of value from Vendor #1 in exchange for causing and directing that Pre-Trial Diversion defendants be assigned to classes offered by Vendor #1. Specifically, Vendor #1 offered and DUSTY GUIDRY accepted the purchase and payments toward a vehicle for DUSTY GUIDRY and his wife.

19. In order to conceal that DUSTY GUIDRY was receiving these payments from Vendor #1, DUSTY GUIDRY used Skyline Media to accept the payments. DUSTY GUIDRY also directed Vendor #1 to provide the payments or things of value to his wife or her company in order to conceal the payments.

20. Also in furtherance of the conspiracy and to effect its objects, DUSTY GUIDRY agreed to accept payments and things of value from Vendor #2 in exchange for causing and directing that Pre-Trial Diversion defendants be assigned to classes offered by Vendor #2. Specifically, Vendor #2 offered and DUSTY GUIDRY accepted 50% of all revenue earned by Vendor #2, including 50% of the revenue Vendor #2 earned through the Pre-Trial Diversion Program in the 15th JDC.

21. Also in furtherance of the conspiracy and to effect its objects, DUSTY GUIDRY agreed to accept payments and things of value from Vendor #4 in exchange for causing and directing that Pre-Trial Diversion defendant be assigned to services offered by Vendor #4. On or about October 2, 2021, DUSTY GUIDRY told Vendor #4 that he had used his official position to direct several Pre-Trial Diversion defendants to take courses sponsored by Vendor #4, at a price of several hundred dollars per defendant.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## BRIBERY – PROGRAMS RECEIVING FEDERAL FUNDS

### 18 U.S.C. §§ 2, 666

22. The allegations set forth in paragraphs 1 through 21 are realleged and incorporated by reference as though fully set forth herein.

23. On or about the 28th day of October 2021, in the Western District of Louisiana, the defendant, DUSTY GUIDRY, aided and abetted by others known and unknown to the United States, did corruptly accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction or series of

transactions of the District Attorney's Office of the 15th Judicial District, involving $5,000 or more. Namely, DUSTY GUIDRY accepted a payment of at least $12,500 from Vendor #3, in exchange for DUSTY GUIDRY and PO-1's direction that a pre-trial defendant be accepted into the Pre-Trial Diversion Program and assigned to classes offered by Vendor #3.

All in violation of Title 18, United States Code, Sections 2 and 666(a)(1)(B).

## COUNT 3
## CONSPIRACY TO COMMIT AN OFFENSE

### 18 U.S.C. § 371

**AT ALL TIMES MATERIAL HEREIN:**

24. Beginning at least on or about May 1, 2019, until at least on or about December 10, 2021, the defendant, DUSTY GUIDRY, was an agent for the Louisiana Department of Wildlife and Fisheries (hereinafter "LDWF") located within the Western District of Louisiana, and the State of Louisiana.

25. Public Official #2 (PO-2) was an employee and agent of LDWF during at least on or about May 1, 2019 until at least on or about December 10, 2021.

26. Vendors #1 and #6 provided contractual services to LDWF.

27. LDWF was an agency of the State of Louisiana that received in excess of $10,000 annually in benefits under federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of assistance.

**The Conspiracy**

28. The introductory allegations set forth in paragraphs 24 through 27 are realleged and incorporated by reference as though fully set forth herein.

29. Beginning on or about May 1, 2019, and continuing until on or about December 10, 2021, the defendant, DUSTY GUIDRY, did conspire, confederate, and agree with others both known and unknown to the United States, to commit the crime of solicitation of a bribe by an agent of a government agency receiving federal benefits, in violation of Title 18, United States Code, Section 666(a)(1)(B).

**Purpose of the Conspiracy**

30. It was a purpose of the conspiracy for DUSTY GUIDRY, PO-2, and others known to the United States to enrich themselves by soliciting and accepting money and things of value from Vendor #1, in exchange for providing and agreeing to provide favorable official action for Vendor #1 in its business with the LDWF.

31. It was a further part of the conspiracy to hide, conceal, and cover up the nature and scope of the Vendor #1's dealings with DUSTY GUIDRY and PO-2, including the true source and nature of the payments Vendor #1 provided to DUSTY GUIDRY and PO-2.

**Manner and Means of the Conspiracy**

32. The conspiracy was carried out through the following manner and means, among others:

33. DUSTY GUIDRY and PO-2 used their positions within the LDWF to unlawfully steer and attempt to steer LDWF contracts for services to Vendor #1 in exchange for payments and other tangible benefits.

34. DUSTY GUIDRY, and other public officials known to the United States, including PO-2, steered, and attempted to steer contracts to Vendor #1 related to the provision of (1) hunters' and boaters' education classes; (2) courses to resolve LDWF violations, and (3) hunting and boating licenses.

35. In exchange, Vendor #1 provided money and other tangible benefits to DUSTY GUIDRY and PO-2 specifically due to their official positions at the LDWF.

**Overt Acts**

36. In furtherance of the conspiracy and to effect the objects of the conspiracy, DUSTY GUIDRY and one or more of the conspirators committed and caused to be committed at least the following acts:

    a. On or about October 8, 2021, PO-2, acting on behalf of the LDWF, signed and entered into a contract with Vendor #1, agreeing that Vendor #1 would provide services to LDWF related to the provision of (1) hunters' and boaters' education classes; (2) courses to resolve LDWF violations, and (3) hunting and boating licenses. In return, Vendor #1 would receive a percentage of gross revenues earned through the provision of those services.

    b. On or about November 19, 2021, DUSTY GUIDRY, PO-2, and Vendor #1 met to discuss concealing and disguising the payment of the bribe proceeds. DUSTY GUIDRY, PO-2, and Vendor #1 agreed that Vendor #1 would refrain from paying the kickbacks owed to PO-2 until after PO-2's retirement from

the LDWF.  Further, DUSTY GUIDRY, PO-2, and Vendor #1 agreed that Vendor #1 would purchase an approximately $14,000 all-terrain vehicle for PO-2.

All in violation of Title 18, United States Code, Section 371, and 666.

## FORFEITURE ALLEGATION

37. The allegations contained in Counts 1 through 3 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

38. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371 and 666 set forth in Count 1 through 3 of this Information, the defendant, DUSTY GUIDRY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

39. If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Respectfully submitted:

BRANDON B. BROWN
United States Attorney

_____
MYERS P. NAMIE, LA. Bar No. 29359
DANIEL J. McCOY, La. Bar No. 29334
Assistant United States Attorney
Western District of Louisiana
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

_____
ROSALEEN T. O'GARA, AZ Bar No. 029512
TREVOR WILMOT, GA Bar No. 936961
Trial Attorneys, Public Integrity Section
U.S. Department of Justice
1301 New York Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-1412