U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 23 2023

TONY R. MOORE, CLERK
BY _____
             DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. 6:23-cr-00063-01 |
| | * |
| VERSUS | * JUDGE JOSEPH |
| | * MAGISTRATE JUDGE WHITEHURST |
| DUSTY GUIDRY | * |

### ELEMENTS OF OFFENSE

**COUNTS 1 & 3**
**Conspiracy to Commit Bribery**
**18 U.S.C. § 371**

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States. You are charged with conspiring to commit bribery in counts 1 and 3 of the bill of information.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to be found guilty of this crime, the government has to prove each of the following beyond a reasonable doubt:

*First*: that you and at least one other person agreed to commit the crime of bribery, as charged in the bill of information;

*Second*: that you knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

> *Third*: that you or at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the bill of information, in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict you for conspiracy even though you had not participated before and even though you played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person

who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.[1]

## COUNT 2
### Bribery Concerning Programs Receiving Federal Funds (Soliciting)
### 18 U.S.C. § 666(a)(1)(B)

Title 18, United States Code, Section 666(a)(1)(B), makes it a crime for anyone who is an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance, in any one year period, to corruptly solicit or demand for the benefit of any person, or to accept or agree to accept anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.

For you to be found guilty of this crime, the government has to prove each of the following beyond a reasonable doubt:

*First*: that you were an agent of the 15th Judicial District Attorney's Office, State of Louisiana;

*Second*: that the 15th Judicial District Attorney's Office was an organization that received in any one-year period, benefits in excess of $10,000 under a federal program involving a grant, subsidy, or other form of Federal assistance;

*Third*: That you corruptly solicited or demanded for the benefit of any person, and/or accepted or agreed to accept anything of value from any person with the intent to be influenced in connection with any business, transaction, or series of transactions of the 15th Judicial District Attorney's Office and

---

[1] Pattern Crim. Jury Instr. 5th Cir. 2.15A (2019), Pattern Crim. Jury Instr. 5th Cir. 2.15A (2019)

DUSTY GUIDRY – Elements of the Offense
Page 3 of 6

*Fourth*: That the business, transaction, or series of transactions involved anything of value of $5,000 or more.

The term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative.

The term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

An act is "corruptly" done if it is done intentionally with an unlawful purpose. The word "value" means the face, par, market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary for the government to prove that your conduct directly affected the federal funds received by the agency under the federal program. However, there must be some connection between the criminal conduct and the organization receiving federal assistance.

It is also not necessary for the government to prove that the defendant who solicited the bribe benefitted from the bribe or that the bribe was successfully obtained.[2]

---

[2] Pattern Crim. Jury Instr. 5th Cir. 2.33B (2019), Pattern Crim. Jury Instr. 5th Cir. 2.33B (2019)

## II.
## VENUE
## 18 U.S.C. § 3237(a)

If the case were to proceed to trial, the government would also have the burden of proving proper venue - that is the government would have to prove by a preponderance of the evidence that the offense was begun, continued, or completed in one of the Parishes that make up the Western District of Louisiana.

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

Dated: 3/23/2023

MYERS P. NAMIE, LA Bar No. 29359
DANIEL J. McCOY, LA Bar No. 29334
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618

COREY AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

Dated: 3/23/2023

ROSALEEN T. O'GARA, AZ Bar No. 029512
TREVOR WILMOT, GA Bar No. 936961
Trial Attorneys, Public Integrity Section
U.S. Department of Justice
1301 New York Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-1412

Dated: 3/23/23

_____
DUSTY GUIDRY
Defendant

Dated: 3/23/2023

_____
THOMAS L. LORENZI, La Bar No. 07724
Attorney at Law
518 Pujo Street
P.O. Box 3305
Lake Charles, LA 70602-3305